### VILLAGE OF BRONXVILLE v. SEYMOUR et al.

(Supreme Court, Appellate Division, Second Department. November 22. 1907.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—BONDS—AUTHORITY TO IS-
SUE—SUBMISSION TO VOTERS.

General Municipal Law, Laws 1892, p. 1734, c. 685, § 5, provides that
a funded debt shall not be contracted by municipal corporations, ex-
cept for a specific object stated in a proposing ordinance or resolution,
approved by the electors, which ordinance or resolution shall provide
for raising an annual tax sufficient to pay the interest and principal as
the same becomes due. *Held*, that a proposition submitting to the voters
of a village whether certain streets should be improved at the expense
of the village, to cost not more than $18,400, to be borrowed on bonds,
as a sum to be raised annually by levying a tax on all taxable property
sufficient to pay the interest and principal on the bonds as the same be-
come due, was not fatally defective for failure to specify the sum there-
after to be raised to pay the interest and principal on such bonds.

Submission of controversy on a written agreed statement of facts,
as authorized by Code Civ. Proc. § 1279, between the village of Bronx-
ville, as plaintiff, and Edmund Seymour and another, as defendants.
Judgment for plaintiff.

Argued before WOODWARD, HOOKER, RICH, MILLER, and
GAYNOR, JJ.

Wm. Lloyd Kitchel, for plaintiff.
Wm. Morgan Lee, for defendants.

HOOKER, J. It appears that the plaintiff is a domestic municipal
corporation; that the defendants are copartners doing business as
bankers and dealers in investments and securities; that in July, 1907,
the defendants, in response to an advertisement of the plaintiff, promul-
gated in accordance with the provisions of section 129 of the village
law (Laws 1897, p. 412, c. 414), inviting sealed proposals for the pur-
chase of its bonds in the amount of $18,400, submitted a proposal
therefor, accompanied by a certified check for $500, offering to pur-
chase bonds, which offer was accepted by the plaintiff. The defend-
ants have refused to complete the purchase of the bonds, contending
that they are invalid and illegal. The plaintiff demands judgment
that the bonds be declared valid and legal and that the defendant take
the bonds and pay for them according to their proposal. The defend-
ants demand judgment that their deposit of $500 be returned to them.

The question presented as to the legality of the bonds arises under
the provisions of section 5 of the general municipal law (Gen. Laws, c.
17; Laws 1892, p. 1734, c. 685). That section reads as follows:

"A funded debt shall not be contracted by a municipal corporation, ex-
cept for a specific object, expressly stated in the ordinance or resolution pro-
posing it; not unless such ordinance or resolution shall be passed by a two-
third vote of all the members elected to the board or council adopting it, or
submitted to, and approved by the electors of the town or county, or taxpayers
of the village or city when required by law. Such ordinance or resolution
shall provide for raising annually, by tax, a sum sufficient to pay the in-
terest and the principal, as the same shall become due."

The proposition submitted to and voted upon by the taxpayers of
the plaintiff, the village of Bronxville, was as follows:

"Shall Front avenue and De Witt avenue, in the village of Bronxville, be graded and paved wholly at the expense of said village, at a cost not exceeding eighteen thousand four hundred dollars ($18,400); the said village of Bronxville, for the purpose of paying the cost thereof, to borrow money on its bonds, not exceeding in the aggregate eighteen thousand four hundred dollars ($18,400); a sum to be raised annually by levying a tax on all taxable property in said village sufficient to pay the interest and principal of all said bonds as the same become due?"

The defendants' claim may now be understood. They assert that the last sentence of section 5 of the municipal law means that the resolution submitted to the taxpayers shall contain a statement specifying the sum which shall thereafter be raised by tax by the village of Bronxville to pay the interest and principal of the bonds as the same shall become due, and that, because no such statement was contained in the proposition submitted to the taxpayers of the plaintiff, the proceeding was not had in conformity with law, and the bonds issued pursuant thereto were illegal and invalid.

What our view of this contention might be, were the question presented to us as an original proposition, it is not deemed necessary to state, in view of the decision of the Court of Appeals in New York & Rosendale Cement Co. v. Davis, 173 N. Y. 235, 66 N. E. 9. That was a taxpayer's action to restrain the trustees of the village of Rosendale from issuing bonds to purchase the waterworks plant in that village. The proposition which had been submitted was in the following form:

"Resolved: Shall there be raised upon the village of Rosendale the sum of $40,000 for the purchase of the waterworks system from the Rosendale Waterworks Company?"

The judgment for the defendants was affirmed, and it is clear that the effect of the affirmance was to declare in favor of the legality of the bonds. It is apparent that the proposition as submitted in the Rosendale Case was even more general than that in the case at bar, and certainly did not conform more nearly to the apparent requirement of that portion of section 5 of the general municipal law which has been noticed. The case arose, however, and the decision was made, subsequent to the enactment of that section of the general municipal law, and while it was yet in force; and it seems entirely clear that, if the bonds in the Rosendale Case were valid, they are in this.

The judgment should therefore be for the plaintiff, declaring the bonds valid and requiring the defendants to complete the purchase, without costs. All concur.